THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA,
ORLANDO DIVISION

CASE NO.: 6:20-cv-1660

ROBERT CARVELL,

    Plaintiff,

v.

DOLLAR TREE STORES, INC.,

    Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

TO:    THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION

Defendant, Dollar Tree Stores, Inc. by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1331, 1441, 1446 and Local Rule 4.02, hereby removes this action, which is styled *Robert Carvell v. Dollar Tree Stores, Inc.,* and designated Case No.: 2020-CA-001690, from the Circuit Court of the Judicial Circuit in and for Seminole County, Florida, in which the action is now pending, to the United States District Court for the Middle District of Florida, Orlando Division. In support of this removal, and pursuant to 28 U.S.C. § 1446, Dollar Tree Stores, Inc. (Defendant) states:

1.    This case is properly removable due to diversity of citizenship between Plaintiff, Robert Carvell, and Defendant, Dollar Tree Stores, Inc. As more fully set forth below.

CASE NO.: 2020-CA-001690

2. Venue is proper in the Orlando Division of the Middle District of Florida, pursuant to M.D.L.R. 1.02(b)(3). This case was filed in the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida, on July 16, 2020. Therefore, the Orlando Division is the proper Court for removal of this case.

3. The Summons was served upon Defendant's Florida Registered Agent. A copy of the Summons and Complaint are attached collectively hereto as **Exhibit "A."** Defendant has filed an Answer in the State Court action on August 5, 2020. A copy of the Answer and Incorporated Motion to Dismiss Count II are attached hereto as **Exhibit "B."**

4. This Notice of Removal is being timely filed within thirty (30) days from **August 14, 2020**, the date upon which Plaintiff provided Defendant with medical bills for Plaintiff's expenses exceeding $75,000. From receipt of these medical bills, Defendant learned of the appropriateness of removal. *See* correspondence from Xaymara Morales, Litigation Paralegal to Brian M. Davis, Esq. attached hereto as **Exhibit "C,"** and Plaintiff's provided medical bills attached hereto as **Exhibit "D."**

5. Defendant filed with the Clerk of the Circuit Court for the Eighteenth Judicial Circuit, in and for Seminole County, Florida, a true and correct copy of the Notice to State Court Clerk of Removal of Case to Federal Court pursuant to 28 U.S.C. § 1446(d). A copy of the Notice to Sate Court Clerk of Removal of Case to Federal Court is attached hereto as **Exhibit "E."**

6.      The District Courts of the United States have original jurisdiction of this civil action as provided in 28 U.S.C. § 1332.  Under that section, this Court has jurisdiction based upon complete diversity as follows:

   a. Plaintiff, Robert Carvell ("Plaintiff"), consents to his citizenship by alleging he lives in the State of Florida and resides in Seminole County. *See* Exhibit A, page 5 at ¶ 2.

   b. Defendant is a citizen of the State of Virginia. Defendant is a foreign corporation, organized under the laws of the State of Virginia with its principal place of business located at 500 Volvo Parkway Chesapeake, Virginia 23320. Although a company may conduct business in multiple places, the Supreme Court has determined that the "principal place of business" for a corporation is its nerve center: "the place where a corporation's officers direct, control, and coordinate the corporation's activities."   *Hertz Corp. v. Friend*, 559 U.S. 77, 91–94 (2010) (establishing the "nerve center" test as uniform approach for determining corporate citizenship).  A copy of Defendant's corporate filing with the State of Florida, showing the principal place of business as the State of Virginia, is attached hereto as **Exhibit "F."**

7.     The amount in controversy exceeds the minimum sum of $75,000, exclusive of interest and costs as laid out below.

   a. As to the amount in controversy, Plaintiff's Complaint only states that damages exceed the amount of $30,000. *See* Exhibit A, page 5 at ¶ 1.

Since Plaintiff made an unspecified demand for damages in his state court pleading, the Defendant must establish by a preponderance of the evidence that the amount in controversy more likely than not exceeds the threshold requirement of 28 U.S.C. § 1332.  *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

b. In the instant case, as part of Plaintiff's Complaint, he alleges that he "suffered injury and resulting pain and suffering, aggravation of a pre-existing condition, disability, loss of the capacity of the enjoyment of life, medical care and treatment expense, loss of earnings, and loss of ability to earn money." *See* Exhibit A, Page 2-4 at ¶ 10. Additionally, Plaintiff alleges these injuries are "either permanent or continuing, and the plaintiff will continue to suffer losses in the future." *Id.*

c. Based upon the allegations in Plaintiff's Complaint, in its entirety, both in terms of economic and non-economic damages, Plaintiff's claims fully support a conclusion that he is seeking damages to be awarded in excess of the jurisdictional limits of this Court.  Therefore, subject matter jurisdiction, even if Plaintiff did not specifically allege $75,000 in the original Complaint, is vested in this Court.

d. Plaintiff previously provided extensive medical expenses related to a L4-L5 and L5-S1 bilateral foraminotomies with interspinous process fixation surgery, imaging for his cervical spine, lumbar spine, and pelvis, and

      injections for his right sacroiliac joint, cervical facet joint, and lumbar region. *See* Exhibit D. He alleges he underwent these treatments for injuries from the incident. While Defendant does not stipulate to the reasonableness, necessity or causation related to the medical bills expenses or the causation arguments related thereto, it is reasonable to infer that the hospital expenses are extensive. Even without considering any other treatment or future treatment, it is reasonable to conclude that these expenses meet or exceed the jurisdictional amount in controversy and thus establishes, by a preponderance of the evidence, that the amount of controversy exceeds $75,000. See *Degeorge v. Geico Gen. Ins. Co.*, 6:12-cv-1654-Orl-37GJK, 2012 U.S. Dist. LEXIS 176654, 2012 WL 6212916, *2 (MD Fla. Dec. 13, 2012) (finding diversity jurisdiction by analyzing details of demand letter in support of removal).

e. In fact, in Plaintiff's medical bill from Millenia Surgery Center for his L4-5 and L5-S1 Bilateral Foraminal Stenosis with Interspinous, the balance of the surgery alone, without any other costs like anesthesia, exceeded the jurisdictional requirement and totaled $85,480.27. *See* Exhibit D, pg. 17.

8. Pursuant to Federal Rules of Civil Procedure 81(c)(2)(C), Defendant shall file its Answer or present its defense or objections to the Complaint within seven days of the filing of this Notice of Removal.

CASE NO.: 2020-CA-001690

WHEREFORE, for the above-stated reasons, Defendant prays that Civil Action No. 2020-CA-001690 now pending in Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida be removed to this Federal Court.

Respectfully submitted, this 10th day of September, 2020.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of September, 2020, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

    COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant Dollar Tree Stores, Inc.*
Tower Place, Suite 400
1900 Summit Tower Boulevard
Orlando, Florida 32810
Telephone (321) 972-0029
Facsimile (321) 972-0099
Primary e-mail:
melissa.crowley@csklegal.com
Secondary e-mail:
elisa.schneider@csklegal.com
Alternate e-mail:
anna.ortega@csklegal.com

By:  s/ Melissa D. Crowley
     MELISSA D. CROWLEY
     Florida Bar No.: 90984

7006.0065-00/20108690