

**null / ALL**
**Transmittal Number: 21770845**
**Date Processed: 07/17/2020**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Cynthia Bertucci<br>Dollar Tree, Inc.<br>500 Volvo Pkwy<br>Chesapeake, VA 23320-1604 |
| **Electronic copy provided to:** | JJ Jacobson-Allen<br>Heather Hunter |

| | |
|---|---|
| **Entity:** | Dollar Tree Stores, Inc.<br>Entity ID Number  3697563 |
| **Entity Served:** | Dollar Tree Stores, Inc |
| **Title of Action:** | Robert Carvell vs. Dollar Tree Stores, Inc. |
| **Matter Name/ID:** | Robert Carvell vs. Dollar Tree Stores, Inc. (10379759) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Seminole County Circuit Court, FL |
| **Case/Reference No:** | 2020-CA-001690-11J-L |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 07/17/2020 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Brian M. Davis<br>407-300-0000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Exhibit A

T202488

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT, IN AND FOR SEMINOLE COUNTY, FLORIDA

CASE NO:  2020-CA-001690-11J-L

ROBERT CARVELL,

     Plaintiff,

vs.

DOLLAR TREE STORES, INC.,

     Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA:
TO ALL AND SINGULAR SHERIFFS OF SAID STATE:

     YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint, Request to Produce, and Interrogatories, in the above-styled cause upon Defendant:

          DOLLAR TREE STORES, INC
          CORPORATION SERVICE COMPANY
          1201 HAYS STREET
          TALLAHASSEE, FL 32301-2525

     A lawsuit has been filed against you. You have twenty (20) calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are also other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

Exhibit A

**Brian M. Davis, Esq.**
**Trial Pro, P.A.**
**250 N. Orange Avenue, 14th Floor**
**Orlando, Florida 32801**
**(407) 300-0000**

DATED on this ____16th____ day of ____JULY____, 2020.

Grant Maloy
*CLERK OF CIRCUIT COURT*
And Comptroller

(Court Seal)

By: _____
Deputy Clerk

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaires ont été entreprises contre vous. Vous avez ven (20) jours consécutifs à partir de la date de l'assignation de cette citation pour déposer une réponse écrite à la plainte ci-jointe auprès de ce tribunal. Un simple coup de téléphone est insuffisant pour vous protéger. Vous êtes obligés de déposer votre réponse écrite, avec mention du numéro de dossier ci-dessus et du nom des parties nommées ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne déposez pas votre réponse écrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent être saisis par la suite, sans aucun préavis ultérieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requérir les services immédiats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez téléphoner à un service de référence d'avocats ou à un bureau d'assistance juridique (figurant à l'annuaire de téléphones). Si vous choisissez de déposer vous-même une réponse écrite, il vous faudra

également, en même temps que cette formalité, faire parvenir ou expédier une copie de votre réponse écrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou à son avocat) nomme ci-dessous.

Exhibit A

Filing # 110328678 E-Filed 07/16/2020 10:50:59 AM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT, IN AND FOR SEMINOLE COUNTY, FLORIDA

CASE NO:

ROBERT CARVELL,

      Plaintiff,

vs.

DOLLAR TREE STORES, INC.,

      Defendant.

_____/

## COMPLAINT

COMES NOW, the plaintiff, through undersigned counsel, and sues the defendant and alleges:

1.     This is an action for damages in excess of Thirty Thousand and no/100 Dollars ($30,000), exclusive of costs, interest, and attorneys' fees.

2.     At all material times, the plaintiff was a resident of Seminole County, Florida.

3.     At all material times, the defendant was a corporation licensed to do business within the State of Florida.

4.     On or about March 15, 2019, the plaintiff was an invitee on the defendant's property located at Hwy-1792 in Longwood, Seminole County, Florida, when he slipped on a slippery substance on the floor and fell to the ground.

5.     The defendant's operating procedures were such that such rules and procedures created the likelihood of individuals becoming injured on the premises, and such procedures failed to include actions to eliminate risks to employees or other individuals in the first instance.

6.      As a result of the above described incident, the plaintiff sustained injuries and other damages detailed below.

## COUNT I:     NEGLIGENCE

The plaintiff re-alleges Paragraphs 1 through 6 and further alleges:

7.      The defendant, as owner, operator, and entity in possession and control of the premises had the following non-delegable duties to the plaintiff and other individuals at the Defendant's premises:

      a.      Maintaining the premises in a reasonably safe condition to avoid injury to the plaintiff and other customers or invitees; and

      b.      Inspecting the premises and warn the plaintiff of dangerous conditions, including the one previously alleged, it knew or should have known existed on its property creating an unreasonable risk to the plaintiff; and

8.      The defendant negligently breached the aforementioned duties by:

      a.      Creating the condition which caused plaintiff's injury;

      b.      Failing to timely and properly inspect the premises for potentially dangerous or unsafe conditions, including the one previously alleged; and

      c.      Failing to warn the plaintiff of unreasonably dangerous condition.

9.      The dangerous condition that caused the plaintiff's injury should have been anticipated by defendant so that the defendant either knew, or under the exercise of reasonable care should have known, the dangerous condition existed. Nonetheless, the defendant did not take appropriate corrective steps to remedy the condition.

10.     As a proximate result of the defendant's negligence, the plaintiff suffered injury and resulting pain and suffering, aggravation of a pre-existing condition, disability, loss of the capacity of the enjoyment of life, medical care and treatment expense, loss of earnings, and loss

Exhibit A

of ability to earn money. The losses are either permanent or continuing, and the plaintiff will continue to suffer losses in the future.

WHEREFORE, the plaintiff demands judgment for damages in excess of $30,000 against the defendant together with litigation costs, and the plaintiff demands a jury trial.

## COUNT II:   NEGLIGENT MODE OF OPERATION

The plaintiff re-alleges Paragraphs 1 through 6 and further alleges:

11.     The defendant, as owner, operator, and entity in control of the work being performed at the above-mentioned store had the following non-delegable duties:

      a.     Implementing policies, methodology, and procedures so as not cause or contribute to the creation dangerous conditions; and

      b.     Implementing policies, methodology, and procedures designed to prevent the creation or continued existence of dangerous conditions.

12.     The defendant breached the aforementioned duties by:

      a.     Implementing policies, procedures, and methodology which foreseeably caused or contributed to the existence of the dangerous condition described above; and

      b.     Failing to implement policies, procedures, and methodology designed to prevent injury to employees or other individuals in the first instance.

13.     As a direct and proximate result of the defendant's negligence, the plaintiff suffered injury and resulting pain and suffering, aggravation of a pre-existing condition, disability, loss of the capacity of the enjoyment of life, medical care and treatment expense, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing and the plaintiff will suffer losses in the future.

Page 3 of 4

Exhibit A

WHEREFORE, the plaintiff demands judgment for damages in excess of $30,000 against the defendant together with litigation costs, and the plaintiff demands a jury trial.

DATED:  July 16, 2020.

/s/ Brian M. Davis
**Brian M. Davis, Esq.**
Trial Pro, P.A.
Florida Bar No: 884650
250 N. Orange Avenue, 14th Floor
Orlando, Florida 32801
Telephone: (407) 300-0000
**Primary E-Mail Designations:**
Brian@TrialPro.com
Xaymara@TrialPro.com
Attorney for Plaintiff

Exhibit A